NORRED LAW, PLLC
Clayton L. Everett, State Bar No. 24065212
515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Attorney for Debtor

# United States Bankruptcy Court

Northern District of Texas
Fort Worth Division

| | |
|---|---|
| In re:<br>Will DeLafayette Davis,<br><br>Debtor. | Case No. 26-44486-elm13<br><br>Chapter 13 |

## DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:

Will DeLafayette Davis ("Debtor") moves to extend the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B), and states:

1. Debtor filed this Chapter 13 case on October 5, 2026.

2. During the one-year period preceding this filing, Debtor had one prior bankruptcy case pending that was dismissed: Case No. 25-43887-MXM-13, filed October 6, 2025 and dismissed April 28, 2026.[1]

3. Accordingly, the automatic stay in this case is subject to termination after thirty days under § 362(c)(3)(A) unless extended by the Court.

4. The prior case was dismissed without prejudice. The dismissal order was based on Debtor's failure to timely provide the Trustee with the required federal income tax return or

[1] Debtor has a history of prior Chapter 13 filings, all of which will be disclosed in his bankruptcy papers. For purposes of § 362(c)(3), however, only Case No. 25-43887-MXM-13 was pending and dismissed during the one-year period preceding this case. Debtor addresses the circumstances of that case and the material change in his financial circumstances in this Motion.

transcript and failure to timely respond to the Trustee's notice. The Court made no finding that Debtor acted willfully or in bad faith. See Case No. 25-43887-MXM-13, ECF No. 95, Order Dismissing Case.

5. During the prior case, Debtor also fell behind on plan payments after the mother of his son was involved in an automobile accident and Debtor, who is self-employed, had to substantially reduce his work to assist in her care. The Trustee's February 11, 2026, notice reflected a $10,000 plan-payment delinquency. See Case No. 25-43887-MXM-13, ECF No. 60, Notice of Intent to Dismiss.

6. Those circumstances have changed. The mother of Debtor's son has recovered, Debtor has returned to regular work, and his income has stabilized.

7. Debtor recognizes that the Court's dismissal of the prior case without prejudice and the absence of an express finding of bad faith do not, standing alone, establish good faith under 11 U.S.C. § 362(c)(3). To the extent a presumption arises under § 362(c)(3)(C), Debtor seeks to rebut that presumption by clear and convincing evidence through his accompanying declaration and the evidence presented at the hearing.

8. As described in Debtor's declaration, the circumstances that interrupted his work and reduced his income have ended. The mother of Debtor's son has recovered, Debtor has resumed regular work, and his income has stabilized. Debtor seeks continuation of the automatic stay as to all creditors so that he may reorganize his debts and preserve his residence through a feasible Chapter 13 plan, rather than merely delay collection. These changed circumstances support a finding that this case was filed in good faith as to all creditors to be stayed and that Debtor can obtain confirmation of a plan that he will fully perform.

9. Debtor's failure to provide the required tax return or transcript in the prior case occurred because, to the best of Debtor's knowledge and understanding, he believed that all required tax documentation had been properly provided and was not advised otherwise by prior counsel. Since dismissal, Debtor has taken corrective action to obtain and provide the required tax documentation. The required 2024 and 2025 federal income tax returns were provided to counsel on September 18, 2026, and will be provided to the Trustee prior to the 341 meeting scheduled for Wednesday, November 18, 2026. These steps address the document-compliance failure that resulted in dismissal of the prior case. Debtor has further agreed to promptly provide any future tax transcripts upon request.

10. Debtor has filed this case in good faith and intends to propose and perform a feasible Chapter 13 plan, remain current on plan payments, and timely provide required tax and financial information.

11. Debtor therefore requests that the Court continue the automatic stay beyond the thirty-day period provided by § 362(c)(3)(A).

WHEREFORE, Debtor requests that the Court enter an order extending the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B), and grant such other relief as the Court deems appropriate

Date: October 7, 2026.

Respectfully submitted:

By: /s/ Clayton L. Everett
Clayton L. Everett, State Bar No. 24065212
clayton@norredlaw.com
Norred Law, PLLC
515 E. Border St., Arlington, Texas 76010
O: (817) 704-3984; F: (817) 524-6686
Attorney for Debtor

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2026, a true and correct copy of the above motion shall be served via electronic means to all those parties receiving electronic services in this bankruptcy proceeding and upon the attached creditor matrix.

*/s/ Clayton L. Everett*
Clayton L. Everett